# Iowa City First National Bank, Appellant, *v.* Kane.

*Promissory notes—Alteration—Evidence—Case for jury.*

Where a promissory note shows on its face material alterations in the total amount of the note and in the installments specified to be paid, it is reversible error for the trial judge to refuse to admit the note in evidence, where the witness for plaintiff on depositions explains in a reasonable way how the alterations came to be made in the presence of the defendant, but testifying long after the note was given, and not having it before him or any written date, varies in his testimony by an amount within a fraction of a dollar from the amount of the installment as reduced appearing on the face of the note. In such a case the note should be admitted in evidence and the jury permitted to pass upon the question of the validity of the alterations.

Argued Nov. 17, 1915. Appeal, No. 313, Oct. T., 1915, by plaintiff, from order of C. P. Delaware Co., March.T., 1911, No. 107, refusing to take off nonsuit in case of First National Bank of Iowa City v. John Kane. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on promissory note. Before BROOMALL, J. The facts appear by the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Albert Dutton MacDade,* for appellant.

*John E. McDonough,* for appellee.

OPINION BY HEAD, J., July 18, 1916:

The plaintiff's action was founded on a promissory note, alleged to have been executed by the defendant and by him delivered to the Equitable Manufacturing Company. The statement avers the plaintiff bank dis-

counted the said note in the ordinary course of business before maturity and without any notice of any defect in the title of said payee.  On the trial of the case, objection was made to the plaintiff's offer of the note on the ground it exhibited on its face several alterations in material parts which would forbid its receipt in evidence unless and until proof had been offered that such alterations were made before the instrument was signed by the maker or afterwards with his knowledge and approval.  The learned trial judge determined that the alterations, which, we have said, were perfectly apparent to the eye, were material, and of this ruling no serious complaint can be made.  To discharge the burden of proof thus cast upon the appellant, there was offered in evidence, inter alia, the deposition of one Irving L. Crane.  This deposition was taken at the residence of the witness in New York City several years after the date of the instrument in question.  It does not appear the note in suit was exhibited to the witness, or that he had before him any memorandum of the transaction.  So far as the record shows, he testified only from his memory of it.

In substance he stated that on the 30th of September, 1909, the date of the note in question, he was a salesman for the Equitable Manufacturing Company; that he called upon the defendant at his place of business and solicited and received from him an order for a line of goods manufactured by the said company; that in accordance with the terms of the written contract, there was attached to it a note which was signed by the defendant, which note the manufacturing company, upon the approval of the order, was authorized to detach and use in the regular course of business.  The purchase-price of the goods embraced in the transaction appears to have been $351.20 which was to be payable in four installments of $87.20 in two, four, six and eight months respectively.  The deponent further testifies that immediately after the signing of the order and the note, and at the same meeting, the defendant concluded he did not

desire some of the goods specified in the order, and, with the consent of the deponent, the order was modified by striking from it a number of articles which reduced the purchase-price, according to the face of the note as exhibited at the trial, from $351.20 to $275.43, and the several installments from $87.20 to $68.85 each. He declares the alterations showing these reductions in the amounts of the note and the several installments were made by him in the presence of the defendant, with his full knowledge and approval, and because he had with him at the time no other blank note which could be used. But in his testimony, delivered, as we have stated, some years after the transaction without having the note before him, he stated the total amount was reduced to $275.43, and the quarterly payments from $87.30 to $68.25 instead of $68.85, as the note itself showed.

The learned trial judge thereupon undertook to declare, as a matter of law, "that the witness was not referring to the note in suit because on the note in suit the quarterly payments were changed from $87.20 to $68.85." In this ruling we are of opinion the learned trial judge fell into error. The question whether or not the witness was testifying concerning the note actually in suit was one of fact for the determination of the jury, not one of law for decision by the court.

The defendant himself, when called by the plaintiff for cross-examination, admitted the signature to the paper offered was his genuine signature although he denied any knowledge of the alterations. The deposing witness was testifying to a transaction between him and the defendant on the 30th day of September, 1909. Nothing appears in the record to show there was more than one such transaction between the parties, or that the defendant on that day, or any other day, ever executed more than one note to the manufacturing company. The amounts of the several installments as reduced, testified to by the witness, were in all probability but a slip in memory, as a calculation would at once have shown.

Under all of these circumstances, if the testimony of the deponent were believed and accepted by the jury, it would furnish a clear warrant for a finding by them that the deponent actually was testifying to the note in suit, and his testimony, if true, would fully explain that the alterations on the face of the note were made in the presence of and with the full knowledge and consent of the maker. Upon the strength of his testimony, the learned court should have permitted the note to be offered in evidence with the explanation of the witness and then submitted to the jury the question of fact at issue between the parties. The judgment must therefore be reversed.

Judgment reversed and a venire facias de novo awarded.